O

<mark>NO JS-6</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAL PARTY(S) IN INTEREST(S): PATRICIA ULTRERAS, <br><br>                  Plaintiff, <br><br>     v. <br><br> RECON TRUST COMPANY; AND/OR MERS; AND/OR COUNTRYWIDE HOME LOANS, INC.; AND/OR BANK OF AMERICA, N.A.; AND/OR ANY KNOWN OR UNKNOWN JOHN DOES, AND/OR REAL PARTY(S) IN INTEREST, <br><br>                  Defendants. <br> _____ | Case No. CV 09-08810 DDP (CTx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Motion filed on January 19, 2010] |

     This matter comes before the Court on a Motion to Dismiss filed by the defendants ReconTrust Company, N.A. (erroneously sued as "Recon Trust Company"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Countrywide Home Loans, Inc.; and Bank of America, N.A. (collectively "Defendants"). After reviewing the papers submitted by the parties and considering the arguments raised therein, the Court GRANTS the motion and adopts the following Order.

**I.    BACKGROUND**[1]

The plaintiff Patricia Ultreras ("Plaintiff"), appearing pro se, filed this suit alleging various causes of action arising from a residential mortgage transaction.  The gravamen of Plaintiff's Complaint is that Defendants cannot foreclose for three basic reasons: (1) they did not provide certain disclosures when providing her loan; (2) they did not produce the original note; and (3) they securitized the debt.

On September 25, 2006, Plaintiff purchased property at 138 South Bryn Mawr Street, #13, in Ventura, California, by executing a Deed of Trust for $271,920.00.  (Def.'s Ex. A.)  On the Deed of Trust, Countrywide was listed as the lender, ReconTrust as the trustee, and MERS as the beneficiary.  (Compl. ¶¶ 26-27; Def.'s Ex. A.)

A Notice of Default was recorded against Plaintiff's property on February 20, 2009.  (Def.'s Ex. B.)  A Notice of Trustee's Sale was recorded on May 27, 2009, setting the sale date for June 12, 2009.  (Def.'s Ex. C.)  Plaintiff alleges that she "rescinded said contract" on June 17, 2009, by mailing a "Notice of Right to

---

[1]Defendants request that the Court take judicial notice of the Deed of Trust, (Def.'s Ex. A), the Notice of Default, (Def.'s Ex. B), and the Notice of Trustee's Sale, (Def.'s Ex. C).

Although, generally, the Court may not consider materials outside of the complaint when ruling on a motion to dismiss, it may do so if the complaint references the materials and their authenticity is not disputed.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (on a motion to dismiss, courts may properly review "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading").

The Court grants Defendants' request for judicial notice pursuant to Branch, 14 F.3d at 454.

1  Cancel," a "Notice of Removal," and a "Notice of Revocation of
2  Power of Attorney" to Defendants.  (Compl. ¶ 31.)

3      Plaintiff asserts six causes of action against Defendants,
4  respectively entitled (1) injunctive relief; (2) Unfair Debt
5  Collection Practices & Predatory Lending Including TILA and RESPA
6  Violations; (3) Failure to Be the Real Party in Interest in a
7  Foreclosure Action; (4) Failure to be the Holder in Due Course of
8  the Original Note and Mortgage in a Foreclosure Action; (5) Illegal
9  Securitization of the Note; and (6) Ultra Vires.

10      Defendants moved to dismiss the Complaint on January 19, 2010.
11  Plaintiff filed an opposition one day past the deadline, on
12  February 9, 2010.  In the interests of resolving Defendant's motion
13  on the merits, the Court will nonetheless consider Plaintiff's
14  opposition.

15  **II.  PROCEDURAL STANDARD: RULE 12(b)(6)**

16      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a
17  complaint is subject to dismissal when the Plaintiff's allegations
18  fail to state a claim upon which relief can be granted.  When
19  considering a 12(b)(6) motion to dismiss for failure to state a
20  claim, "all allegations of material fact are accepted as true and
21  should be construed in the light most favorable to [the]
22  plaintiff."  Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

23      In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the
24  Supreme Court explained that a court considering a 12(b)(6) motion
25  should first "identify[] pleadings that, because they are no more
26  than conclusions, are not entitled to the assumption of truth."
27  Id.  Next, the court should identify the complaint's "well-pleaded
28  factual allegations, . . . assume their veracity and then determine

3

1  whether they plausibly give rise to an entitlement to relief."

2  Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

3  Cir. 2009) ("In sum, for a complaint to survive a motion to

4  dismiss, the non-conclusory factual content, and reasonable

5  inferences from that content, must be plausibly suggestive of a

6  claim entitling the plaintiff to relief" (internal quotation marks

7  omitted)).

8      Where, as here, a plaintiff brings her action pro se, the

9  Court applies the motion to dismiss standard against the backdrop

10  of the general rule that courts liberally construe the pleadings of

11  pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

12  **III. DISCUSSION**

13      **A.   First Claim for Injunctive Relief Fails**

14      Plaintiff's first claim for injunctive relief is premised on

15  her assertion that non-judicial foreclosure "is illegal and

16  violates both state and federal law."  (Compl. ¶ 2.)

17      Contrary to Plaintiff's argument, California law expressly

18  permits non-judicial foreclosure.  See Cal. Civ. Code §§ 2924 et

19  seq.  Indeed, the foreclosure process may be conducted by the

20  "trustee, mortgagee or beneficiary or any of their authorized

21  agents."  Id. § 2924(a)(1).  The beneficiary under a Deed of Trust,

22  or its authorized agent is entitled to record the Notice of Default

23  in order to initiate non-judicial foreclosure proceedings.  Id.

24  The trustee has the authority to "initiate nonjudicial foreclosure

25  on the property upon the trustor's default, resulting in a sale of

26  the property."  Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334

27  (2008).  Plaintiff has pointed to no authority suggesting that this

28

1  type of non-judicial foreclosure, permissible under California law,

2  is nonetheless barred by federal law.

3      Therefore, Plaintiff's claim for injunctive relief on the

4  basis that non-judicial foreclosure is illegal fails as a matter of

5  law and is dismissed with prejudice.

6      **B.   Second Claim for Unfair Debt Collection Practices, TILA,**

7          **and RESPA Violations Fails**

8      Plaintiff's second cause of action asserts that Defendants

9  violated California's Rosenthal Fair Debt Collection Practices Act

10 ("RFDCPA"), the Federal Fair Debt Collection Practices Act

11 ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and

12 the Truth in Lending Act ("TILA").  (Compl. ¶¶ 7-18.)

13         1.   The RFDCPA and FDCPA Do Not Apply to Foreclosures

14     The FDCPA and the RFDCPA were enacted in order to prohibit

15 debt collectors from engaging in unfair or deceptive acts or

16 practices in the collection of consumer debts.  15 U.S.C. § 1692 et

17 seq.; Cal. Civ. Code § 1788.1(b).

18     However, foreclosing on a property under a deed of trust is

19 not the collection of a debt within the meaning of either statute.

20 See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D.

21 Cal. 2008); see also Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d

22 1188, 1204 (D. Or. 2002).

23     Therefore, these claims are dismissed with prejudice.

24         2.   Plaintiff's RESPA Allegations Fail to State a Claim

25     Plaintiff badly asserts that Defendants violated RESPA, 12

26 U.S.C. §§ 2601-17, by "plac[ing] loans for the purpose of

27 unlawfully increasing and otherwise obtaining yield spread fees,

28

1  excess charges and amounts in excess of what would have been
2  lawfully earned."  (Compl. ¶ 15.)

3      Yield spread premiums are not per se illegal under RESPA.
4  See, e.g., Bjustram v. Trust One Mort. Corp., 322 F.3d 1201, 1208
5  (9th Cir. 2003).  Rather, RESPA "requires a loan-specific analysis
6  of whether total mortgage broker compensation from all sources is
7  reasonable."  Id.  However, Plaintiff has failed to plead any facts
8  demonstrating why the yield spread premiums in this case were
9  allegedly illegal.

10      Plaintiff also claims Defendants violated RESPA because they
11  "transferred or hypothecated without required notice" servicing of
12  the loan.  (Compl. ¶ 16.)  However, Plaintiff waived prior notice
13  of any loan assignment.  (Def.'s Ex. A, ¶ 20.)  Furthermore,
14  Plaintiff pleads no facts in support of her argument that
15  Defendant's actions in transferring the servicing of her loan
16  violated RESPA.

17      Plaintiff has therefore failed to state a claim for RESPA
18  violations.

19          3.  Plaintiff's TILA Claim Fails

20      Plaintiff asserts that Defendants violated TILA by (1) failing
21  to make a full accounting and required disclosures; (2) improperly
22  retaining funds belonging to Plaintiff; and (3) not disclosing the
23  status of the ownership of the loan.  (Compl. ¶ 13.)  In addition
24  to damages, Plaintiff seeks rescission under TILA because she has
25  "exercised his [sic] Rights of Rescission" in 2009.  (Id. ¶ 14.)
26  However, Plaintiff's damages and rescission claims under TILA are
27  both time-barred.
28  ///

1     TILA provides that an "action [for damages] . . . may be
2   brought in any United States district court, or in any other court
3   of competent jurisdiction, within one year from the date of the
4   occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth
5   Circuit has held that the one-year window for filing a TILA damages
6   claim generally "runs from the date of the consummation of the
7   transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir.
8   1986). Here, the Court can discern from the face of Plaintiff's
9   Complaint that TILA's one-year statute of limitations has run.
10  Plaintiff obtained the mortgage loan at issue in September 2006,
11  but did not file suit until December 2009. Plaintiff has pleaded
12  no basis for equitable tolling or equitable estoppel that would
13  justify suspending the limitations period.

14     With respect to Plaintiff's rescission claim under TILA, TILA
15  requires that loan documents state the last date on which a
16  borrower may rescind the loan agreement without penalty. <u>See</u> 15
17  U.S.C. § 1635(a). If the lender omits the expiration date, and
18  fails to cure that omission, the time within which the borrower may
19  rescind the loan is extended from three days to three years. <u>See</u>
20  <u>id.</u> § 1635(f). Plaintiff has made vague allegations that
21  Defendants failed to make "required disclosures," but has not
22  alleged that Defendants failed to notify her of the last date
23  within which she could rescind the loan without penalty. Thus, it
24  appears her rescission claim is time-barred.

25     Even assuming that Plaintiff was entitled to rescind within
26  three years of the date the loan was consummated, her claim still
27  fails because she has not alleged her ability to tender. The TILA
28  section titled "Return of money or property following rescission"

provides that "[u]pon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value." 15 U.S.C. § 1635(b). "By far, the majority of Courts to address the issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." <u>Garcia v. Wachovia Mortgage Corp.</u>, 2009 WL 3837621 at *3 (C.D. Cal. October 14, 2009) (collecting recent decisions from district courts within the Ninth Circuit).

The Court agrees with the "developing majority position" as articulated in <u>Garcia</u>. <u>Id.</u> at *4. Accordingly, Plaintiff must allege ability to tender in order to state a claim for TILA rescission. Because she has not done so, the Court grants Defendants' motion with respect to Plaintiff's rescission claim.

**C.   Third Claim Under Fed. R. Civ. P. 17(a)(1) Fails**

Plaintiff's third cause of action states that it is for "Failure to Be the Real Party in Interest in a Foreclosure Action" under Federal Rule of Civil Procedure 17(a)(1). This claim is not cognizable. California law permits non-judicial foreclosures, and the Federal Rules of Civil Procedure are merely procedural and do not set forth any substantive rights with respect to foreclosures. This claim is therefore dismissed with prejudice.

**D.   Fourth Claim Regarding "Original Note" Fails**

Plaintiff's fourth cause of action alleges that Defendants must provide evidence "of an original note, original mortgage and . . . show that they are indeed the holder [sic] in due course," and

that their failure to do so means "they are not authorized by law to proceed in a foreclosure action." (Compl. ¶ 20.) However, under California law, production of the original note is not required to initiate a non-judicial foreclosure. <u>See</u> Cal. Civ. Code § 2924(a); <u>see also</u> <u>Farmer v. Countrywide Home Loans, Inc.</u>, 2008 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009) (holding there is "no requirement under California law that the original note be produced in order to render the foreclosure proceedings valid"). Therefore, Plaintiff's fourth claim is dismissed with prejudice.

### E.   Fifth Claim for "Illegal Securitization" Fails

Plaintiff asserts that "securitization is illegal," and that it violates "RICO, usury, and antitrust laws." (Compl. ¶ 21.) These "'conclusory allegations of law and unwarranted inferences'" do not support a claim for relief. <u>Vazquez v. Los Angeles County</u>, 487 F.3d 1246, 1249 (9th Cir. 2007) (quoting <u>Schmier v. U.S. Ct. Of Appeals for the Ninth Cir.</u>, 279 F.3d 817, 820 (9th Cir. 2002)). The Court therefore dismisses this claim with prejudice.

### F.   Sixth Claim for "Ultra Vires" and Fraud Fails

Plaintiff alleges that a contract beyond a corporate charter is void. (Compl. ¶ 22.) She baldly asserts that Defendants engaged in fraud. (<u>Id.</u> ¶ 25.) First, it is unclear how the corporate "ultra vires" doctrine has any relevance to this case. Second, to the extent this claim can be read as one for fraud, that claim is time-barred. Cal. Code Civ. Proc. § 338(d) (setting forth three-year statute of limitations for fraud actions). The Court therefore dismisses this claim with prejudice.

///

///

9

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion.  All of Plaintiff's claims are dismissed with prejudice, with the exception of her TILA and RESPA claims, which are dismissed with leave to amend.

Plaintiff may amend her Complaint to attempt to cure the deficiencies in her TILA and RESPA claims, namely (1) she may attempt to plead facts demonstrating a basis for equitable tolling or equitable estoppel for her TILA damages claim; (2) she may attempt to plead facts showing ability to tender with respect to her TILA rescission claim; (3) she may attempt to plead specific facts demonstrating how Defendants allegedly have violated RESPA. Plaintiff's amended complaint must be filed within twenty one (21) days of the date of this Order.  Failure to file an amended complaint before this deadline shall be deemed consent to dismissal with prejudice.

IT IS SO ORDERED.


Dated: June 7, 2010

DEAN D.  PREGERSON
United States District Judge